THE STATE v. ARTHUR R. FREY, Appellant.

Division Two, December 20, 1926.

1. **ABBREVIATED TRANSCRIPT: Act of 1925: Application.** Section 4102, Laws 1925, page 199, is in effect an amendment to existing Section 4102, leaving it substantially as it was before, with the proviso added, and applies only to cases in which an appeal stays proceedings, and the proviso does not provide for an abbreviated or partial transcript in a case in which the appeal does not stay proceedings.

2. ———: **Challenge: Exceptions Reviewed.** In a case wherein appellant was convicted of robbery in the first degree, and filed an abbreviated or partial transcript which includes only the information, the usual record entries, the instructions, the motion for a new trial and the application for a continuance, and which recites that "it is admitted by defendant that the evidence is sufficient upon which to base the verdict of the jury," and wherein the State has not challenged the sufficiency of the transcript, it is assumed, for the purposes of the case without so deciding, that the abbre-

viated transcript is a compliance with Section 4102, Laws 1925, page 199, and Section 4103, Revised Statutes 1919, and that whatever exceptions are noted therein have been properly preserved for review.

3. **CONTINUANCE: No Exception: Act of 1925.** Even under the Act of 1925, Laws 1925, page 199, providing that in cases wherein the appeal operates as a stay of proceedings an abbreviated or partial transcript may be filed, the appellant must show that exceptions were preserved to the rulings he asks the appellate court to review; and if it does not appear from such transcript that an exception was saved to the action of the trial court in overruling his application for a continuance and that such exception was preserved by a bill of exceptions, such ruling is not for review on appeal.

4. **EXTENT OF REVIEW: Abbreviated Transcript: No Evidence Preserved.** Assignments that improper evidence was admitted at the trial, that error was committed in permitting the use of witnesses whose names were not indorsed on the information, that the court failed to instruct upon all the law of the case, that certain jurors were disqualified to sit in the trial of the case, and that certain jurors were guilty of misconduct, cannot be considered on appeal, where no exceptions relating to such matters were properly saved and no bill of exceptions containing the evidence has been brought to this court.

5. ———: ———: **Instructions.** In the absence of the evidence produced at the trial, a review of the instructions to which exceptions were saved, is necessarily limited to their correctness as measured by the information.

6. **INSTRUCTION: Conspiracy.** The propriety of an instruction telling the jury that "all persons who act together with a common intent and purpose in the commission of a crime are equally guilty, and the act of each one is the act of all so acting" cannot be considered or determined where no evidence has been brought to the appellate court, but it must be assumed that there was evidence upon which to base it.

7. ———: ———: **Necessary Presumption.** In the absence from the record of all testimony produced at the trial, it will be assumed on appeal that the trial court was justified in giving an instruction based upon a conspiracy to rob a bank and the theory that appellant induced, advised, encouraged, aided and abetted the other defendants in the commission of the robbery, and advising the jury concerning the punishment and defining certain words and terms, where the information charged appellant and the other defendants with the commission of the crime.

8. ———: ———: **Accessory.** A defendant may be convicted as an accessory before the fact under an information or indictment charging him, with others, as principal in the first degree. And an instruction which tells the jury that one who advises, encourages, aids and abets another to commit a crime, which is committed in pursuance thereof, whether such person is present or absent at its commission, is just as guilty as the one who actually commits it, is in harmony with such an information, and in the absence of all testimony must be held to be good.

9. ———: **Confession.** In the absence of all evidence from the record, appellant cannot complain of an instruction telling the jury that, "if defendant made a confession to the officers or other persons having him in custody, and you find that such confession was made by inducement held out to him, or promises which operated upon his mind in the hope of escaping punishment, or any other inducement amounting to threats, fears or

promises, and that from such inducements the defendant made such confession, you will disregard it."

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2350, p. 960, n. 72; Section 2388, p. 983, n. 27; Section 2395, p. 988, n. 78; Section 2440, p. 1015, n. 80; 17 C. J., Section 3440, p. 157, n. 2; p. 158, n. 7; Section 3475, p. 181, n. 38; Section 3485, p. 184, n. 77; Section 3570, p. 224, n. 51; Section 3688, p. 339, n. 64.

Appeal from Oregon Circuit Court.—*Hon. C. L. Ferguson,* Judge. AFFIRMED.

*North T. Gentry,* Attorney-General, and *W. F. Frank,* Assistant Attorney-General, for respondent.

(1)  The information herein properly charges the crime of robbery in the first degree. Sec. 3307, R. S. 1919; Kelley's Criminal Law (3 Ed.) sec. 625; State v. Flynn, 258 Mo. 211; State v. Craft, 299 Mo. 341; State v. Affronti, 238 S. W. 109.  (2)  Many of the alleged errors of which complaint is made in the motion for new trial are not here for review, because not preserved in the bill of exceptions. Statements in the motion for new trial do not prove themselves. State v. Pollard, 139 Mo. 228; State v. Meals, 184 Mo. 259; State v. Rumfelt, 228 Mo. 454.  (3)  The only alleged error in the motion for new trial, which is preserved in the bill of exceptions, is the action of the court in giving instructions numbered one to nine, inclusive.  These instructions correctly declare the law and were therefore properly given.  (4)  The verdict finds the defendant guilty of robbery in the first degree, as charged in the information, and assesses the punishment. This is sufficient. State v. Reich, 293 Mo. 425; State v. Jordan, 225 S. W. 907; State v. Lovitt, 243 Mo. 510.  (5)  The judgment is in form heretofore approved by this court. State v. Williams, 191 Mo. 214.

BLAIR, J.—On August 26, 1925, and after a severance had been granted to him, defendant was convicted of robbery in the first degree in the Circuit Court of Oregon County. The jury assessed his punishment at a term of fifteen years in the state penitentiary. An appeal was granted from the judgment rendered on the verdict.

No bill of exceptions containing the evidence, rulings of the court, exceptions, etc., as formerly known to our practice, has been filed in this case. On March 29, 1926, there was filed a certified abbreviated or partial transcript which includes the information, the usual record entries, the instructions, the motion for new trial, and the application for continuance. The transcript also includes this recital: "It is admitted by the defendant that the evidence in this cause is sufficient upon which to base the verdict of the jury." The transcript contains the following record recital:

"Now on this 23rd day of March, 1926, comes the defendant herein by. attorney in the above-entitled cause, and files this its bill of exceptions herein, which said bill of exceptions has been duly approved and signed by the Honorable Charles L. Ferguson, the judge who tried this cause."

Then follows the usual certificate of true copy under the hand of the clerk and seal of the court.

Section 4102, Laws of 1925, page 199, provides:

"When any appeal shall be taken or writ of error issued, which shall operate as a stay of proceedings it shall be the duty of the clerk of the court in which the proceedings were had to make out a full transcript of the record in the cause including the bill of exceptions, judgment and sentence, and certify and transmit same to the office of the clerk of the proper appellate court without delay; Provided, however, that any abbreviated or partial transcript of the evidence and oral proceedings, in narrative form or otherwise, which the defendant or his (the) attorney for the State may agree upon in writing as sufficiently presenting to the appellate court the issues involved on such appeal, shall be deemed and taken as sufficient on such appeal and shall by the clerk be incorporated in the transcript of the record certified and transmitted by him to the appellate court, instead of the bill of exceptions mentioned above." (Word in parentheses ours.)

This section, though purporting to repeal Section 4102, Revised Statutes 1919, and to enact a new section in lieu thereof, is in effect an amendment of the latter section, leaving it substantially as it was before, with the proviso added. This case is not one in which an appeal stays proceedings. It comes under Section 4103, Revised Statutes 1919, which refers to the transcript mentioned in Section 4102 as "such transcript." The 1925 amendment of Section 4102, Revised Statutes 1919, providing what such transcript shall contain, is therefore applicable to Section 4103 by reason of its reference to said Section 4102.

The State has not challenged the sufficiency of the transcript and we will assume for the purposes of the case, without so deciding, that it is sufficient compliance with Laws of 1925, page 199, section 4102, and Section 4103, Revised Statutes 1919, and that whatever exceptions are, noted therein have been properly preserved for the consideration of this court. However, the 1925 Act should not be construed as doing away with the necessity for a showing by an appellant that exceptions were actually taken to rulings relied upon for a reversal, wherever such fact was formerly required to be shown. The purpose of the amendment apparently was to avoid the necessity and the expense of bringing up more of the entire testimony and rul-

ings of the court than appellant relies upon for a reversal of the judgment.

Appellant has filed no brief in this court and we are sent to the motion for new trial to find the assignments of error. The first assignment therein is that the court erred in overruling defendant's application for continuance. The transcript contains a copy of an application for continuance and a record entry showing that it was overruled. It does not appear that any exception was saved to such ruling of the court. This court has uniformly held that exceptions must be saved to rulings of this character and that such exceptions must be preserved by a bill of exceptions. Even under the 1925 Act, appellant must show that exceptions were preserved to the rulings he asks this court to review. The assignment is not properly before us.

Assignment 2 as to improper admission of evidence, assignment 3, as to error in permitting the use of witnesses not indorsed upon the information, assignment 5, as to the failure of the court to instruct on all of the law of the case, assignment 7, as to qualifications of jurors to sit in the case and assignment 8, as to alleged misconduct of certain jurors, have not been brought here for consideration under the transcript appellant has seen fit to file in this court. Assignment 5 is not a good assignment, even if a full and complete bill of exceptions had been filed, because it does not specify in what particular the court failed to instruct upon all the law of the case.

The only remaining assignment is that the court erred in giving instructions numbered one to nine, inclusive. Exceptions to the giving of such instructions are shown. In the absence of the evidence, the scope of our review of the instructions is necessarily limited to their correctness as measured by the information.

Instruction 1 merely told the jury the character of the charge against defendant and that it was the duty of the jury to determine the question of his guilt or innocence under the law as declared by the court and the evidence of the witnesses. It is in harmony with the information and could scarcely fail to fit the evidence whatever it may have been.

Instruction 2 told the jury that "all persons who act together with a common intent and purpose in the commission of a crime are equally guilty, and the act of one is the act of each one and all so acting." Obviously the propriety of this instruction cannot be considered or determined when the evidence has not been brought here. We must assume that there was evidence upon which to base it.

Instruction 3 is the main instruction in the case and is based upon a conspiracy to rob a bank at Thayer, Missouri, a robbery of said bank by defendants other than defendant Frey and the theory that defendant Frey induced, advised, encouraged, aided and abetted the

other defendants in the commission of the robbery. The instruction advised the jury concerning the punishment, if it found defendant Frey guilty, and defined certain words and terms. In the absence of the testimony, we will assume that the court was justified in giving the instruction.

The information charged Frey and the other defendants jointly with the commission of the robbery. It is not necessary at this late day to cite authorities to show that a defendant may be convicted as an accessory before the fact under an information or indictment charging him, with others, as principal in the first degree. The instruction is therefore in harmony with the information.

Instruction 4 told the jury that one who advises, encourages, etc., another to commit a crime, which is committed in pursuance thereof, whether such person is present or absent at the commission of the crime, is just as guilty as the one who actually commits the crime. Whether this instruction was justified by the evidence, we have no means of knowing. It was not out of harmony with the information and must be held good on the record before us.

Instruction 5 told the jury that the information was a mere formal charge and no evidence of guilt; that defendant was presumed to be innocent until guilt was established by the evidence beyond a reasonable doubt and defined reasonable doubt in approved language. It is in the form which may properly be given in any criminal case, regardless of the evidence, provided, of course, there is substantial evidence of guilt, which is admitted.

Instruction 6 dealt with the testimony of an accomplice in the crime for which defendant was on trial. It is in the usual form. It must be assumed that there was evidence fully warranting the court in giving it.

Instruction 7 told the jury that, if defendant made a confession to the officers and the other persons having him in custody, and it found "that such confession was made by inducements held out to the defendant, or promises which operated upon the mind of the defendant in the hope of escaping punishment, or any other inducement amounting to threats, fears or promises, and that from such inducements the defendant made such confession, you should disregard it." Appellant certainly cannot complain of this instruction, assuming that it was based upon the evidence.

Instruction 8 was the usual instruction on credibility of witnesses. It is in approved form and such as could be given in any criminal case, regardless of the testimony. Instruction 9 merely told the jury that its verdict must be unanimous and signed by its foreman.

The foregoing disposes of the assignments made in the motion for new trial. So far as the record proper is concerned, we find no error. The information, in due and often approved form, charged defend-

ant and others with robbing the cashier of the bank of Thayer of three thousand dollars of the money of the bank by force and violence to such cashier and by putting him in fear of immediate injury to his person. The verdict found defendant guilty of robbery in the first degree, as charged in the information, and properly assessed his punishment. The judgment shows that the defendant was accorded allocution and was sentenced in accordance with the verdict.

We find no error in the record which appellant has seen fit to bring before us.

The judgment is affirmed. All concur.